**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00591-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JOSEPH R. SNYDER,

    Plaintiff,

v.

ROBERT MANGUSO, MD,
RANDY LIND, and
BRENDAN SCHEFFER,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff Joseph R. Snyder initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983, in which he requests to be released from prison on a special needs parole and money damages.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

Plaintiff further is directed that he may not raise a request for release in a § 1983 action; a challenge to the execution of a sentence more properly is raised in a habeas action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ( "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the

only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."). A 28 U.S.C. § 2241 action is the proper manner to challenge the execution of a sentence. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir.1997) (holding that § 2241 is the appropriate vehicle to attack the execution of a sentence, including the deprivation of good-time credits). Also, a request for money damages regarding an alleged improper incarceration only is proper once the incarceration is invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff may proceed with a § 1983 action if he desires only to challenge the conditions of his confinement. Whether Plaintiff intends to proceed with a § 2241 action challenging the execution of his sentence or a § 1983 action challenging the conditions of this confinement he must cure the noted deficiencies.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  X    is not submitted
(2)  __   is missing affidavit
(3)  __   prisoner's trust fund statement is not certified
(4)  __   is missing required financial information
(5)  __   is missing an original signature by the prisoner
(6)  __   is not on proper form (must use the Court's current form)
(7)  __   names in caption do not match names in caption of complaint, petition or habeas application
(8)  __   An original and a copy have not been received by the court. Only an original has been received.
(9)  X    other: **In the alternative Plaintiff may prepay the filing fee which is $5 in a 28 U.S.C. § 2241 action or $400 in a 42 U.S.C. § 1983.**

**Complaint, Petition or Application**:
(10)  __  is not submitted
(11)  __  is not on proper form (must use a Court-approved form)
(12)  __  is missing an original signature by the prisoner
(13)  __  is missing page nos. __
(14)  __  uses et al. instead of listing all parties in caption

(15) __  An original and a copy have not been received by the court.  Only an original has been received.
(16) __  Sufficient copies to serve each defendant/respondent have not been received by the court.
(17) __  names in caption do not match names in text
(18) _X_  other: **If Plaintiff desires to challenge the execution of his sentence he must file his claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions.**

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that if Plaintiff desires to challenge the execution of his sentence he shall obtain the proper Court-approved forms for filing a 28 U.S.C. § 2241 action and a request to proceed pursuant to 28 U.S.C. § 1915 in a habeas action, if he desires to proceed *in forma pauperis*, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. for use in curing deficiencies.  It is

FURTHER ORDERED that if Plaintiff desires to challenge the conditions of his confinement he shall obtain the proper Court-approved form for filing a request to proceed pursuant to 28 U.S.C. § 1915 in a 42 U.S.C. § 1983, if he desires to proceed *in forma pauperis*, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at  www.cod.uscourts.gov. for use in curing deficiencies.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED March 24, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge