**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 15-cv-00591-RM-MJW

JOSEPH R. SNYDER,

      Plaintiff,

v.

ROBERT MANGUSO,
RANDY LIND, and
RICK RAEMISCH,

      Defendants.

---

**ORDER**
**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND DIRECTING BRIEFING ON**
**MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 36)**

---

THIS MATTER is before the Court on Plaintiff Joseph R. Snyder's "Motion for a

Temporary Restraining Order and a Preliminary Injunction Pursuant to Rule 65 Fed. R. Civ. P."

(the "Motion").  (ECF No. 36.)  In the Motion, Plaintiff seeks an order directing Defendants to

provide Plaintiff immediate medical treatment for Parkinson's disease.  Plaintiff, a state prisoner

appearing *pro se*, filed this 42 U.S.C. § 1983 action alleging he has Parkinson's disease[1] for

which Defendants are denying appropriate medical care.

---

[1] Plaintiff's Amended Prisoner[']s Complaint alleges he suffers from a number of "chronic medical conditions," but his Motion seeks relief relating only to one of such condition, *i.e.*, Parkinson's disease.

## I. PLAINTIFF'S PRO SE STATUS

The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Motion, construed liberally, is denied as to Plaintiff's request for a temporary restraining order and is deferred until briefing is completed as to Plaintiff's request for a preliminary injunction.

## II. REQUIREMENTS FOR A TEMPORARY RESTRAINING ORDER

Under Rule 65(b)(1)(a) of the Federal Rules of Civil Procedure, in order to obtain a temporary restraining order without written or oral notice to the adverse party or his attorney, a plaintiff must: (i) via affidavit or a verified complaint, provide specific facts that clearly show he will suffer immediate and irreparable injury, loss, or damage before the defendant can be heard in opposition; and (ii) show the efforts his attorney has made to give notice of the request to the opposing party, or to show why notice should be excused. *See* D.C.COLO.LCivR 65.1 (requiring a certificate from movant that actual notice and copies of filings were given, or of the efforts made to provide such notice and copies, to the opposing party); *Boles v. Dansdill*, Case No. 05CV01661OES, 2005 WL 2205860, at *1 (D. Colo. Sept. 8, 2005) ("[A] party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.") (citation omitted).

"[T]he procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction" under Rule 65(a) of the Federal Rules of Civil Procedure.  *See Emmis Commc'ns Corp. v. Media Strategies, Inc.*, Case No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001).  Before a preliminary injunction may be issued, the moving party must establish: (1) he will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction may cause the opposing party, (3) if issued, the injunction would not be adverse to the public interest, and (4) he has a substantial likelihood of success on the merits.  Fed. R. Civ. P. 65(a); *Wilderness Workshop v. United States Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008) (citation omitted).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003) (citation omitted).  In addition, where the injunction sought is one of three types of disfavored injunctions, the movant must make a heightened showing to demonstrate entitlement to relief.  *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (en banc), *aff'd and remanded*, 546 U.S. 418 (2006).  The request must be more closely scrutinized to assure that the exigencies of the case require extraordinary interim relief.  *Id.* at 975, 978-979.   In this case, the Court need not decide whether the relief Plaintiff seeks is one of the three types of disfavored injunctions as it finds entitlement to relief has not been shown even under the regular standard.

## III.    THE FAILURE TO SHOW IRREPARABLE HARM

In this case, Plaintiff seeks an order for an examination and plan of treatment by a qualified neurologist.  Plaintiff's declaration under 28 U.S.C. § 1746 states that he suffers from

Parkinson's disease which is treated by deep brain implants.  He states, without sufficient specific facts, that his "neurologists" have prescribed a course of treatment but Defendant Manguso has refused to follow the "recommended therapy" and has refused to provide him any treatment at all.  Plaintiff also states that his medication is "continually unavailable," that he has had to wait up to six days for his medication, but his medication needs adjustment and is no longer working.   Plaintiff further states that "on information and belief" he has not been provided with physical therapy or evaluated with a neurologist because the Arkansas Valley Correctional Facility, where he is confined, gives low priority to the medical needs of inmates "unless their medical condition is life threatening."  (ECF No. 36-1, Declaration, ¶7.)  Plaintiff contends he suffers from an "increasing risk of death" and the "risk" of another stroke if his medication is not adjusted, and cursorily asserts that he is in constant pain.  (ECF No. 36-1, ¶¶9, 10.)  Similarly, Plaintiff's Motion states that he "may suffer another stroke, possible death" and "may" suffer other harm if he does not receive proper treatment and medication "at the proper times."

On the current record, the Court finds that Plaintiff has failed to meet his burden with respect to any Defendant due to the insufficient evidence of irreparable harm.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical.  Irreparable harm is not harm that is merely serious or substantial." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks and citations omitted).   Here, Plaintiff has failed to show a threat of irreparable harm that will – or is likely – to occur before Defendants could be heard in response to the motion for temporary restraining order.  Plaintiff states that he "may" or there is the "possib[ility]" that he will suffer irreparable harm.  In addition, Plaintiff has

not shown such harm is imminent. *Heideman*, 348 F.3d at 1189 ("The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm.") (internal alterations and citation omitted); *see Williams v. BAC Home Loans Serv.*, Case No. 10-CV-01805-MSK, 2010 WL 3025553, at *2 (D. Colo. July 30, 2010).  In the light of this finding, the Court need not address the remaining factors. *Petrella v. Brownback*, __ F.3d __, 2015 WL 3452663, at *9 (10th Cir. June 1, 2015) ("Because we agree with the district court that plaintiffs are unlikely to prevail on the merits, we need not address the remaining preliminary injunction factors."); *see ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999) (a party seeking injunctive relief must satisfy *all* four factors).  Accordingly, Plaintiff's request for a temporary restraining order is denied.

As for Plaintiff's Motion which seeks a preliminary injunction, a determination at this juncture is not appropriate as recognized in the Motion.   Instead, a hearing will be set after the Motion is fully briefed in accordance with the schedule set forth below.

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction Pursuant to Rule 65 Fed. R. Civ. P." (ECF No. 36) to the extent it seeks a temporary restraining order is **DENIED**;

(2) That Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction Pursuant to Rule 65 Fed. R. Civ. P." (ECF No. 36) to the extent it seeks preliminary injunctive relief is **DEFERRED** until the matter is fully briefed and ripe for determination;

(3) That the Clerk of the Court shall serve a copy of this Order on Defendants via the

Colorado Attorney General Office, Civil Litigation Division as shown on Plaintiff's

Certificate of Service (ECF No. 36, page 4) and via the Office of Legal Services,

Colorado Department of Corrections as shown in the Waiver of Service of Summons

(ECF No. 28);

(4) That Defendants shall file a response ("Response") to Plaintiff's Motion (ECF No.

36) on or before August 10, 2015, the current deadline for Defendants to answer or

otherwise respond to Plaintiff's Amended Prisoner['s] Complaint; and

(5) That Plaintiff may file any reply within 14 days of the service of Defendants'

Response.

DATED this 29th day of June, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge